UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**PHILIP RODNEY MOORMAN III**                                                                 **PLAINTIFF**

**v.**                                                               **CIVIL ACTION NO. 4:08CV-P127-M**

**RON HERRINGTON** *et al.*                                                                 **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Philip Rodney Moorman III filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Henderson County Detention Center ("HCDC") Jailer Ron Herrington, Major Gibson, and Deputy Baker. He sues each Defendant in his or her individual and official capacities and seeks damages. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons that follow, all claims will be dismissed, except for an Eighth Amendment claim against Defendants Herrington and Gibson in their individual capacity.

**I. STANDARD OF REVIEW**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, a court must

"look for plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

Within the complaint, Plaintiff alleges constitutional violations under § 1983 as well as violations of the Prison Rape Elimination Act and the Administrative Procedure Act.

### A. Prison Rape Elimination Act

Although not addressed in the Sixth Circuit, several district courts have found that the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601 *et seq.*, "does not create a right of action that is privately enforceable by an individual civil litigant." *LeMasters v. Fabian*, Civil No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009); *Rindahl v. Weber*, No. CIV. 08-4041-RHB, 2008 WL 5448232, at *1 (D.S.D. Dec. 31, 2008); *Bell v. County of Los Angeles*, No. CV 07-8187-GW(E), 2008 WL 4375768, at *6 (C.D. Cal. Aug. 25, 2008); *Pirtle v. Hickman*, No. CV05-146-S-MHW, 2005 WL 3359731, at *1 (D. Idaho Dec. 9, 2005).

> The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. 42 U.S.C. § 15601 *et seq.* The statute does not grant prisoners any specific rights. In the absence of "an 'unambiguous' intent to confer individual rights," such as a right to sue, courts will not imply such a right in a federal funding provision.

*Chinnici v. Edwards*, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008) (quoting *Gonzaga University v. Doe*, 536 U.S. 273, 280 (2002)); *Jones v. Schofield*, No. 1:08-CV-7 (WLS), 2009 WL 902154, at *2 (M.D. Ga. Mar. 30, 2009) ("A reading of the Prison Rape Elimination Act makes clear that its goal is to lessen the occurrence of rapes in prisons across this Country. Its focus concentrates on statistics, standards, developing information, and regulating federal funding in an effort to lessen prison rapes.").

Upon consideration, this Court also concludes that the PREA creates no private right of action. Plaintiff's claims brought under that Act must, therefore, be dismissed.

### B. Administrative Procedure Act ("APA")

Section 702, Title 5, United States Code provides, in part: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." Such redress, however, is available only

for actions taken by *federal agencies*. "'Agency' means each authority of the Government of the United States. . . ." 5 U.S.C. § 701(b)(1); *Southwest Williamson County Cmty. Ass'n v. Slater*, 173 F.3d 1033, 1035 (6th Cir. 1999) ("By its own terms, the APA does not apply to state agencies.").

Here, because Plaintiff is suing municipal actors, not any federal agency, the APA is wholly inapplicable to any portion of the complaint, and any claims brought thereunder must be dismissed.

**C. § 1983**

**1. Official-capacity claims**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official capacity claims against all of the municipal Defendants, therefore, are actually against Henderson County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make

clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has not alleged that Defendants acted pursuant to a municipal policy or custom in causing his alleged harm, and nothing in the complaint demonstrates that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by Henderson County. Consequently, the complaint fails to establish a basis of liability against the municipality, and the official-capacity claims against all municipal Defendants must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Individual-capacity claims

#### a. Claim One

Plaintiff alleges that Jailer Herrington violated the Constitution when he unnecessarily delayed Plaintiff's arraignment. He reports that he was detained at HCDC from May 2, 2007, and not arraigned until May 9, 2007.

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir.1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir.1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir.2001). The Supreme Court has recently held that when the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Plaintiff's claim against Jailer Herrington regarding the delayed arraignment accrued on May 9, 2007, when he was finally taken before the court, and expired one year later on May 9, 2008. Because Plaintiff did not file the complaint until October 9, 2008,[1] five months after the expiration of the limitations period, Claim One is time-barred and must be dismissed.

---

[1] Under the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Plaintiff certifies that the complaint was delivered to the prisoner mail system for mailing on October 9, 2008.

### b. Claim Two

As to Plaintiff's second claim, he contends that Jailer Herrington and Major Gibson violated the Eighth Amendment. He reports that on October 19, 2007, he was placed in a segregated cell with a female inmate "Exposing me to an act of Indecent Sexual Assault." He contends that neither Defendant took him seriously as they failed to investigate the matter and placed him "in segregation when I done nothing wrong." In construing the complaint in a light most favorable to the *pro se* litigant, the Court will allow this Eighth Amendment claim of deliberate indifference to Plaintiff's safety to proceed against Defendants Herrington and Gibson in their individual capacity. In permitting this claim to proceed, the Court passes no judgment on the merits and ultimate outcome of the claim.

### c. Claim Three

Lastly, Plaintiff alleges that on March 24, 2008, during court and in front of the general population, Deputy Baker made a statement about Plaintiff, which, upon review, the Court characterizes as lewd. Plaintiff reports filing a grievance and speaking with Major Gibson about the incident but receiving no response.

"Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Verbal abuse by prison officials is such an unpleasantry which fails to state a constitutional violation under § 1983. *Id.* at 955. Moreover, "[s]ection 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance." *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

For these reasons, Plaintiff's third claim must be dismissed for failure to state a claim upon which relief may granted.

The Court will enter a separate Scheduling Order governing the development of the remaining claim and enter a separate Order dismissing all other claims.

Date:

cc:	Plaintiff, *pro se*
	Defendants
	Henderson County Attorney
4414.005