UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**PHILIP RODNEY MOORMAN III**                                                              **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 4:08CV-P127-M**

**RON HERRINGTON** *et al.*                                                                **DEFENDANTS**

## MEMORANDUM OPINION

On initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court, by Memorandum Opinion and Order entered July 9, 2009, allowed an Eighth Amendment claim to proceed against Defendants Herrington and Gibson. On that same date, the Court entered a Scheduling Order setting discovery, pretrial memoranda, and dispositive motion deadlines, the latest of which expired on January 19, 2010. Because nothing had been filed in the case by either Plaintiff or Defendants since the entry of the Court's July 9, 2009, Orders, the Court entered an Order on February 16, 2010, directing Plaintiff and Defendants Herrington and Gibson each to file a status report within 21 days of entry of that Order. In response, counsel for Defendants Herrington and Gibson entered an appearance and advised that Defendants state they have not been served with process, and counsel noted that no proof of service of process appears in the record. Plaintiff, however, failed to file a status report or otherwise respond to the Court's Order.

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). "[T]he lenient treatment of *pro*

*se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Despite the apparent service-related problem, the record clearly reveals that Plaintiff did not comply with any scheduling deadlines and failed to comply with this Court's February 16, 2010, Order. Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. Fed. R. Civ. P. 41(b); *Jourdan*, 951 F.2d at 109 ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Additionally, courts have inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff failed to take any action in this case since filing a notice of change of address in February 2009 and failed to comply with orders of this Court, the Court concludes that he has abandoned any interest in prosecuting this action. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
     Counsel of Record
4414.005